UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF JOSE TRINIDAD MARTINEZ SANTOYO TO THE REPUBLIC OF MEXICO. | No. 2:21-mj-125-KJN<br><br>ORDER GRANTING IN PART MOTION TO COMPEL<br><br>(ECF No. 37.) |

      On August 9, 2021, the government filed a complaint under 18 U.S.C. § 3184, seeking the arrest of Jose Trinidad Martinez Santoyo (hereinafter "Santoyo" although the court recognizes that he is often referred to as "Martinez") for extradition to Mexico on a murder charge.[1]  (ECF No. 1.)  The charge is based in large part on the statements of three witnesses.  (See ECF No. 45.)  Presently before the court is Santoyo's motion to compel discovery, opposed by the U.S., concerning any evidence of corruption or coercion.  (ECF No. 37, 46, 47.)

      For the reasons stated at the December 8, 2022 hearing and as set forth below, Santoyo's motion is GRANTED IN PART AND DENIED IN PART.  The U.S. shall turn over any evidence showing the witness statements were obtained by coercion, duress, or torture.[2]  The remainder of Santoyo's request is denied.

---

[1] This motion proceeds before the undersigned under 18 U.S.C. § 3184 and Local Rule 302(b)(8).

[2] At the hearing, the U.S. stated it had no evidence regarding coercion, duress, or torture regarding the witness statements, but that if it does obtain any evidence, it will be disclosed.

1

I.     **BACKGROUND**

In accordance with its treaty obligations with Mexico and the country's provisional request, the United States filed a complaint on August 9, 2021, seeking a warrant for the arrest of Santoyo, a Mexican citizen currently residing in the United States. (See ECF No. 1.) According to the Mexican authorities, Santoyo shot and killed Jose Luis Vela Miranda on December 21, 2013, in Jalisco, Mexico. (ECF No. 46 at 2.) Santoyo is charged in Mexico with aggravated intentional homicide in violation of Article 213, in relation to Article 219, as stated in Article 6 of the Criminal Code of Jalisco. (Id. at 2.) Santoyo was arrested by U.S. authorities on May 12, 2022.[3] (See ECF No. 10.) On July 11, the government received Mexico's formal request to extradite Santoyo. (ECF No. 46.) It includes forensic reports, witness statements, and identifications in support of the charge. (ECF No. 45-1 at 27-28.) On July 28, the government filed a declaration as to the sufficiency of the request and provided Santoyo an electronic copy of the request on August 3. (ECF No. 46 at 2-3.)

On October 13, Santoyo filed a motion to compel exculpatory evidence. (ECF No. 37.) Santoyo seeks evidence in the government's possession regarding decedent's, decedent's family, and the witnesses' connections with Los Zetas, a Mexican drug cartel. (Id. at 8-12.) Santoyo argues evidence of decedent's and his family's affiliation with Los Zetas and the witnesses' connection to, and coercion by, the cartel is explanatory and relevant to the court's probable cause determination. (Id.)

The government opposed Santoyo's discovery motion, arguing the request is beyond the court's discretion and is an improper attempt to convert the extradition proceeding into a criminal trial. (ECF No. 46 at 1.) Santoyo filed a reply on November 17, 2022, contending the discovery request is narrow as it asks the court to compel only explanatory evidence. (ECF No. 47.) The parties appeared for a hearing on December 8 regarding the motion to compel.

///

---

[3] On November 4, Santoyo was released pursuant to an order signed by the district judge. (ECF No. 44, see also 22-cr-141-TLN-KJN, ECF No. 37.) The government filed its memorandum of law in support of extradition shortly thereafter. (ECF No. 45.)

2

## II.     LEGAL STANDARDS
### Extradition Proceedings

An extradition hearing is not a "dress rehearsal" for a criminal trial to determine guilt or innocence.  See Oen Yin-Choy v. Robinson, 858 F.2d 1400, 1407 (9th Cir. 1988).  Rather, the role of a magistrate judge in an extradition proceeding is to determine whether there is "evidence sufficient to sustain the charge under the provisions of the proper treaty or convention . . . in other words, whether there is probable cause."  See Vo v. Benov, 447 F.3d 1235, 1237 (9th Cir. 2006) (quoting 18 U.S.C. § 3184).  The magistrate judge determines whether there is competent evidence to present probable cause, not whether the evidence supports a conviction.  See In re Extradition of Strunk, 293 F. Supp. 2d 1117, 1121 (E.D. Cal. Nov. 12, 2003).  In evaluating probable cause, the court must consider the "totality of the circumstances" and "make a practical, commonsense decision whether, given all the circumstances…, there is a fair probability" that the accused committed the charged crime.  See Illinois v. Gates, 462 U.S. 213, 235 (1983); see also Matter of Extradition of Ameen, 2021 WL 1564520 (E.D. Cal. Apr. 21, 2021) (extending the totality of the circumstances principle to extradition hearings).  Consequently, the magistrate judge may not weigh conflicting evidence or make factual determinations in reviewing probable cause.  See Quinn v. Robinson, 783 F.2d 776, 815 (9th Cir. 1986).

The government bears the burden in extradition proceedings of establishing extraditability and must show among other things that there is competent evidence supporting probable cause to believe the person named in the extradition request committed the charged offense.  See Manta v. Chertoff, 518 F.3d 1134, 1140 (9th Cir. 2008).  The government must establish the admissibility of evidence proffered.  See United States v. Chang, 207 F.3d 1169, 1172 (9th Cir. 2000) (noting the government must show there is sufficient indica of reliability or credibility to establish probable cause).  Although "[i]nternational extradition proceedings are not governed by the Federal Rules of Evidence[ ] [or] the hearsay prohibitions" Quinn, 783 F.2d at 815 (citing Fed. R. Evid. 1101(d)(3); 18 U.S.C. § 3172(2)), the evidence offered in support of extradition must be "competent and adequate."  See Bingham v. Bradley, 241 U.S. 511, 517 (1916).  Accordingly, an extradition court must "determine the competency of evidence."  Matter of Extradition of Santos,

228 F. Supp. 3d 1034, 1054-1055 (C.D. Cal. 2017); see also, e.g., In re Rodriguez Ortiz, 444 F. Supp. 2d 876, 884 (N.D. Ill. 2006) (indicating the court may conclude on review of the government's evidence that there is an insufficient indica of reliability to establish probable cause). Once the court "determines that there is probable cause, [it] is required to certify the individual as extraditable." Blaxland, 323 F.3d at 1208.

### III. DISCUSSION

Santoyo requests the government be compelled to produce evidence regarding drug trafficking, official corruption, and the Los Zetas cartel, specifically concerning the involvement of decedent, decedent's family, and witnesses named in the extradition packet. (ECF No. 37 at 12.) Santoyo contends the evidence is explanatory and relevant. (Id. at 8.) The government opposes the motion, contending fugitives in extradition proceedings are not entitled to discovery; and the scope of Santoyo's discovery request exceeds the court's discretion in extradition proceedings. (ECF No. 46 at 4, 7.)

Santoyo's motion requires resolution of two issues: (A) whether the accused in an extradition proceeding is entitled to discovery of exculpatory evidence in the government's possession under Brady; and (B) whether the discovery sought by Santoyo is within the scope of the court's review in extradition matters.

**Analysis**

**A. The accused in an extradition proceeding is not entitled to discovery under Brady.**

Santoyo asserts he is entitled to the kind of discovery required to be disclosed by the government in general criminal proceedings under Brady v. Maryland, 373 U.S. 83 (1963). (ECF No. 37 at 4-8.) Santoyo argues the Ninth Circuit has adopted Sixth Circuit holdings supporting the application of Brady to extradition proceedings. See Demjanjuk v. Petrovsky, 10 F.3d 338, 353 (6th Cir. 1993) (broadly indicating the government was obliged to produce exculpatory evidence under Brady in a case where, after extradition failed, allegations of prosecutorial misconduct were raised); see also In re Extradition of Drayer, 190 F.3d 410, 413-414 (6th Cir. 1999) (limiting Demjanjuk where the U.S. conducted its own investigation into the extradition).

///

However, an accused in an extradition case is not afforded the same rights available in a criminal trial.  See Charlton v. Kelly, 229 U.S. 447, 461 (1913); see also Brady, 373 U.S. at 90 (holding the government's obligation to turn over exculpatory evidence in its possession applies only in criminal trials where the defendant's guilt or innocence is being adjudicated).  The Ninth Circuit has held that the principles set forth in Brady establishing a defendant's right to exculpatory evidence in criminal proceedings "are not applicable to a preliminary examination in an international extradition case."  See Merino v. U.S. Marshal, 326 F.2d 5, 13 (9th Cir. 1963); see also In the Matter of The Extradition of Alejandro Toledo Manrique, 2020 WL 6866987 (N.D. Cal. 2020) (noting the Ninth Circuit has declined to apply Brady to extradition proceedings); see also Ameen, 378 F. Supp. 3d at 911-12 ("The Ninth Circuit's opinion in Wang v. Reno, 81 F.3d 808, 820-821 did not discuss, much less announce a formal adoption of the [Demjanjuk's] expansion of Brady. . . . It remains unclear whether Demjanjuk's expansion of Brady is applicable in [the Ninth] [C]ircuit.").  The undersigned finds the Sixth Circuit cases cited by Santoyo are not binding and, given the limited scope announced in Drayer, inapposite.

**B. Evidence of torture, duress, or coercion in the collection of the witnesses' statements should be disclosed; the remainder of the information sought is overbroad.**

"Discovery in an international extradition hearing is limited and lies within the discretion of the magistrate [judge]."  In re Extradition of Kraiselburd, 786 F.2d 1395, 1399 (9th Cir. 1986).  In considering its discretion, the court should remember "that extradition proceedings are not to be converted into a dress rehearsal trial and whether resolution of the contested issue would be appreciably advanced by the requested discovery."  Quinn, 783 F.2d at 817 n.41.  Given the limited scope of extradition proceedings, an accused cannot obtain "blanket discovery" and must "articulate what [they] expect [the discovery] to reveal" regarding probable cause.  Kraiselburd, 786 F.2d at 1399.  Additionally, the government is under no obligation to request evidence from the foreign country or seek out new material not within its possession.  See Ameen, 378 F. Supp. 3d at 913 (citing United States v. Marashi, 913 F.2d 724, 734 (9th Cir. 1990) ("The government cannot be obliged to turn over what it does not possess.")).

///

An extradition court may only consider evidence brought by the accused that is "explanatory" and not "contradictory." See Santos v. Thomas, 830 F.3d 987, 1007 (9th Cir. 2016) (indicating the accused may offer evidence "which might have explained ambiguities or doubtful elements" of the government's case). Explanatory evidence is that "explains away or completely obliterates probable cause." Id. (citing Collins v. Loisel, 259 U.S. 309, 316 (1922); Hooker v. Klein, 573 F.2d 1360, 1369 (9th Cir. 1978)). Evidence indicating that witness statements were obtained by coercion may be explanatory in determining the competency of the statements supporting probable cause. Id.; see also Garcia v. Benov, 715 F. Supp. 2d 974, 995 n.19 (C.D. Cal. 2009) (indicating an extradition court "must decide whether evidence supporting probable cause is credible in light of allegations that the evidence was obtained through torture," or other coercive measures). Conversely, the court in an extradition proceeding may not consider evidence that contradicts the government's testimony, poses conflicts of credibility, or establishes a defense." See Santos, 830 F.3d at 1007). This distinction is because credibility of conflicting evidence cannot be assessed without a trial. See Barapind v. Enomoto, 400 F.3d 744, 750 (9th Cir. 2005) (noting that evidence of inconsistent statements, for example, is conflicting evidence and cannot be considered in an extradition proceeding).

  1. Evidence regarding coercion, duress, or torture and the three witnesses' statements

  Santoyo alleges that if evidence of coercion, duress, or torture exists concerning the collection of the witnesses' statements, this evidence should be disclosed as it could negate probable cause. (ECF No. 37 at 11.) The court agrees.

  The Ninth Circuit's opinion in Santos is illustrative. There, questions concerned whether the lower court in an extradition hearing erred in refusing to consider evidence that witness statements were obtained under coercion. Santos, 830 F.3d at 998. The accused sought to admit evidence of the witnesses' bruises, allegations of police mistreatment, and recanted statements, among other things, alleging the information was explanatory. Id. at 1001. The lower court declined to admit the evidence, finding it contradictory only. Id. The Ninth Circuit reversed, holding that a "coerced statement is not competent evidence and cannot support probable cause." Id. at 990, 1001. In reaching its conclusion, the court reasoned that credible evidence indicating

1  "the manner in which evidence used to support probable cause was obtained is relevant in
2  determining whether the probable cause standard has indeed been satisfied."  Id.

3  Thus, given the instructions of Santos and the potential effect any evidence of coercion,
4  torture, or duress could have on the court's probable cause determination, it is hereby ordered that
5  the U.S. shall turn over any such information in its possession.[4]  As a reminder, the U.S. is under
6  no obligation to request evidence from Mexico or seek out new material not within its possession.
7  See Ameen, 378 F. Supp. 3d at 913 (citing Marashi, 913 F.2d at 734).  Further, to the extent
8  Santoyo seeks information in Mexico's possession relating to the witnesses, the court lacks
9  authority to compel disclosure, as the "country seeking extradition is not required to produce all
10  its evidence" at the extradition proceedings.  See Kraiselburd, 786 F.2d at 1399 (noting the
11  foreign country is only required to provide evidence related to whether there was probable cause
12  for the charged crime).

13      2.  Evidence related to generalized corruption and cartel involvement

14  Regarding the involvement of decedent, his family, or the witnesses in drug trafficking,
15  official corruption, and a drug cartel, Santoyo contends any such evidence would negate probable
16  cause because it would show the existence of corruption or coercion in the case.  (ECF No. 37 at
17  9-12.)  The court disagrees.  Discovery in an extradition proceeding is limited to information
18  relating to probable cause, Quinn, 783 F.2d at 817 n.41, and these categories of evidence do not
19  explain away any such probable cause.  See Santos, 830 F.3d at 992 (reminding that the
20  extradition court may only consider evidence brought by an accused that "explains away or
21  completely obliterates probable cause").

22  Here, unlike Santos, information regarding the witnesses' general involvement with
23  corruption, drug trafficking, or a cartel does not itself indicate the manner of collection of the
24  witness statements.  Broad information regarding decedent and his family's alleged involvement
25  in a cartel would not negate probable cause, as general evidence relating to the involvement of

---

[4] At the hearing, the U.S. informed the court that it does not possesses information under this scope.  Should the government come into possession of any such evidence, it shall promptly disclose it to Santoyo.  The U.S. stated at the hearing it would do so.

7

persons in a criminal organization would be contradictory (at best).  Cf. Ameen, 378 F. Supp. 3d at 915 n.24 (denying discovery of information regarding the general connection of witnesses and their families to a terrorist organization for the purpose of arguing coercion where the government did not possess information specific to whether "any of the witnesses who provided statements in Iraq were tortured or coerced"); with Santos, 830 F.3d at 998 (finding evidence of police mistreatment and bruises on witnesses, among other things, explanatory where the evidence indicated that witness statements were obtained under coercion); see also Kraiselburd, 786 F.2d at 1395 (limiting discovery request where the accused sought blanket discovery on entire file of murders and failed to articulate what he expected to reveal to negate probable cause).  To the extent Santoyo contends Mexican officials themselves are corrupt, the diplomatic principle of non-inquiry prevents the court from considering this.  See Prasoprat v. Benov, 421 F.3d 1009, 1015-1016 (9th Cir. 2005) ("[It] is the role of the Secretary of State, not the courts, to determine whether extradition should be denied on humanitarian grounds or on account of treatment of that the fugitive is likely to receive upon return of the requesting state[.]").

**ORDER**

Accordingly, it is hereby ORDERED:

1. Santoyo's motion to compel (ECF No. 37) is GRANTED IN PART; the U.S. shall turn over any evidence in its possession (with a continuing duty to do so) regarding whether the witness statements were obtained by coercion, duress, or torture; and

2. The remainder of Santoyo's motion to compel is DENIED.

Dated:  December 9, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

sant.125