UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF JOSE TRINIDAD MARTINEZ SANTOYO TO THE REPUBLIC OF MEXICO. | No. 2:21-mj-125-KJN<br><br>ORDER DENYING RECONSIDERATION OF PRE-EXTRADITION RELEASE<br><br>(ECF No. 56.) |

      In August of 2021, the United States Government filed a complaint regarding Mexico's request to extradite Jose Trinidad Martinez Santoyo.[1] After Martinez was arrested, the undersigned ordered him detained and set a briefing schedule for "bail review." (ECF No. 11.) After briefing, the undersigned determined Martinez should be detained. (ECF No. 20.) Martinez appealed, and District Judge Nunley granted Martinez's motion, finding he should be released due to special circumstances and the U.S.'s lack of a showing that Martinez is a danger to the community or a flight risk. (See 2:22-cr-0141 TLN at ECF No. 37.) The U.S. requested a stay of that order, but Judge Nunley denied the request. (Id. at ECF Nos. 38, 39.) Martinez has appeared at every proceeding before the undersigned since being released. (ECF Nos. 48, 54.) At the February 22, 2023 hearing, the undersigned found Martinez able to be certified for extradition. (ECF Nos. 54, 55.) At the conclusion of the hearing, the U.S. requested Martinez be detained, but the undersigned declined to do so.

---

[1] This case proceeds before the undersigned pursuant to Local Rule 302(b)(8).

1

The U.S. now moves for reconsideration of that last issue, arguing Martinez must be detained now that the court has found him certified for extradition. (ECF No. 56.) This motion was addressed to the undersigned but was not set for a hearing. On those grounds, Martinez objected, contending more time was needed for opposition briefing and contending that a hearing should be scheduled. (ECF No. 57.)

Taking up Martinez's contentions first, the undersigned disagrees that a hearing is required. True, if this was a motion by the Government to detain Martinez as part of a criminal proceeding on U.S. charges, the undersigned would be constrained by the tenants of the Bail Reform Act—which include a requirement that a detention hearing be held. See 18 U.S.C. § 3142(f). However, as the parties are aware, this is an extradition proceeding, and so while the court often looks to the tenants of the Bail Reform Act when deciding release conditions (upon a finding of special circumstances), a hearing is not required. Thus, the undersigned takes the U.S.'s motion under consideration without need for a hearing.

Martinez also contends he should be allowed time to brief the issue and oppose the U.S.'s motion. However, the undersigned recognizes Martinez's general argument, as stated in the opposition, that "[t]he Government is wrong on the law and the procedure." (ECF No. 57, citing In the Matter of Blasko, 17-mc-0067-DAD-SAB (E.D. Cal. Feb. 8, 2019) (continuing release after certification).) Given that the undersigned is denying the U.S.'s motion for reconsideration on similar grounds, the court finds this case citation and Martinez's general opposition sufficient to deem Martinez's due process rights respected.

Turning to the substance of the U.S.'s motion, the undersigned disagrees that the court is obligated to detain all extraditees upon certification for extradition.[2] True, 18 U.S.C. § 3184

---

[2] The court's certification order (ECF No. 55) contains no discussion of Martinez's post-certification detention beyond a brief order declining to have him detained. This result is because, as of that hearing, neither party had briefed the issue in any depth. Instead, the U.S. waited to request Martinez's detention until the end of the extradition hearing. The undersigned declined to do so, stating the court did not believe the circumstances were different such that Martinez's release order should be altered. Thus, though the U.S.'s motion for reconsideration is a proper vehicle to raise this issue before the undersigned at this time, this is the first time the issue is being discussed at any great length.

appears to contain mandatory language that, upon certification, the judicial officer "shall issue a warrant for the commitment of the person so charged to the proper jail, there to remain until such surrender shall be made." However, courts have noted that pre-extradition release in post-certification cases is allowed under the same "special circumstances" rationale as is applicable to pre-certification release. See, e.g., In Re Blasko, 2019 WL 498986 (E.D. Cal. Feb. 8, 2019) (in denying the U.S.'s motion to revoke bail post-certification, Magistrate Judge Boone of the Fresno division found such an exception could still apply); In Re Manrique, 2021 WL 5037680 (N.D. Cal. Oct. 29, 2021) (same). These and other courts have declined to revoke an extraditee's pre-extradition release after certification had been found, using the same "special circumstances" rationale, and each supported those denials with a thorough analysis of Wright v. Henkel, 190 U.S. 40 (1903), and its progeny. The court finds the rationale of these cases persuasive, and thus finds special circumstances could be applied for Martinez's continued release post-certification but pre-extradition. See Salerno v United States, 878 F.2d 317 (9th Cir. 1989).

     As to the application of those standards, very little has changed between when District Judge Nunley granted Martinez release and now. Judge Nunley already found delay in these proceedings, and the parties recognize that more delay is likely, given that Martinez has a right to press his case with the Secretary of State and to contest the undersigned's certification order in a habeas corpus proceeding—which allows for appeal in its own right. Though the undersigned's analysis on the likelihood of success prong differs from what Judge Nunley found (now that Martinez has been certified), Martinez could still proffer a winning argument to the Secretary or in habeas. Finally, given Judge Nunley's findings as to the previous lack of diplomatic urgency, the undersigned finds the same rationale can be applied. Thus, the special circumstances finding previously ordered by Judge Nunley can be extended to Martinez's case post-certification.

     Additionally, even though the undersigned notes that certification changes the landscape somewhat for Martinez, it is still another step in the process and does not instantly change the Bail-Act-like findings made by Judge Nunley. Certification does not instantly change Martinez into a danger to his community. Further, though the U.S. might argue Martinez is more of a flight risk now that he knows he has been certified, Martinez has appeared at every hearing alongside

his family to date, and as noted above, there is still likely considerable time before any extradition would proceed. Thus, the court finds Judge Nunley's 'no flight risk' analysis continues essentially unchanged.

### ORDER

For these reasons stated above, it is hereby ORDERED that:

1. The U.S.'s motion for reconsideration (ECF No. 56) of the court's order declining to have Martinez detained post-certification but pre-extradition, as issued at the February 22 hearing and as noted in the certification order at ECF No. 55, is DENIED; and

2. Should the U.S. wish to dispute this issue further, it shall do so in the case number previously assigned regarding pre-extradition release at 2:22-cr-00141-TLN-KJN-1. Any such motion shall be set for a hearing pursuant to Judge Nunley's procedures, and the parties are directed to confer on a briefing and hearing schedule for any such motion.

Dated: February 27, 2023

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE