UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

IN THE MATTER OF THE EXTRADITION OF JOSE TRINIDAD MARTINEZ SANTOYO

No. 2:21-mj-00125-CKD

**ORDER**

This matter is before the Court on Jose Trinidad Martinez Santoyo's ("Defendant") Motion to Stay Extradition Pending Appeal. (ECF No. 84.) For the reasons set forth below, the motion is DENIED.

///

///

///

///

///

///

///

## I. Factual and Procedural Background

The Court incorporates in full the factual and procedural background in this matter as set forth in the magistrate judge's October 24, 2025 findings and recommendations in Defendant's parallel habeas corpus action, which the Court adopted on September 23, 2026. (*Martinez Santoyo v. Boyden*, No. 2:25-cv-02656-TLN-CKD, ECF Nos. 21, 22).

Petitioner is certified extraditable (ECF No. 55), as affirmed through habeas review. *Martinez Santoyo v. Boyden*, 130 F.4th 784, 786 (9th Cir.), *cert. denied*, 146 S. Ct. 149 (2025). The U.S. Secretary of State has since authorized Defendant's extradition, and this Court denied Defendant's collateral attack of the Secretary of State's decision on habeas review. (No. 2:25-cv-02656-TLN-CKD, ECF No. 22.) Defendant perfected an appeal to the Ninth Circuit of this Court's ruling. (*Id.*, ECF Nos. 26–28.) On October 13, 2026, the magistrate judge revoked Defendant's order of release in this matter and denied Defendant's motion to stay proceedings pending resolution of his appeal, and set a further hearing on October 20, 2026. (ECF Nos. 81, 82.)

Defendant now asks this Court to issue a stay of extradition pending appeal.[1] (ECF No. 84.) The Court construes Defendant's filing as a motion for reconsideration of the magistrate judge's denial of a stay of extradition. (No. 2:25-cv-02656-TLN-CKD, ECF Nos. 21, 22). The government opposes the motion. (ECF No. 83.)

## II. Analysis

The Court conducts a de novo review of this matter. In determining whether to grant a stay pending appeal, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The first two factors typically weigh most heavily in the

[1] As noted above, there are two parallel cases regarding Defendant's extradition. This motion was originally filed in Defendant's habeas case. (No. 2:25-cv-02656-TLN-CKD, ECF No. 29). The Court instructed the Clerk of Court to file the motion in the instant case as a motion for reconsideration of the magistrate judge's denial of a stay of extradition. (*Id.*, ECF No. 30).

analysis such that the Defendant "must show that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor." *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011). "The third and fourth factors, harm to the opposing party and the public interest, merge when the [g]overnment is the opposing party." *Nken v. Holder*, 556 U.S. 418 (2009).

Defendant argues that he will suffer irreparable injury absent a stay because, in the event of his extradition, the Ninth Circuit would lose jurisdiction over his appeal, effectively denying him an opportunity to pursue such relief. (ECF No. 84 at 7–9.) On the merits of the appeal, Defendant argues he has raised a "substantial issue" regarding the sufficiency of the Secretary of State's determination that extradition to Mexico would not violate the Convention Against Torture. (*Id.* at 10–11.) Finally, Defendant argues that a stay would not substantially injure the Government and would be in the public interest. (*Id.* at 11–12.)

The Government opposes the request for a stay, arguing that Defendant has not made an adequate showing on the likelihood of success prong because his claims are "clearly foreclosed by multiple decisions from the Ninth Circuit." (ECF No. 83 at 5–6.) On the third and fourth factors, the Government argues that compliance with a valid extradition request is in the public interest, and, in any case, the absence of likelihood of success would outweigh the other factors. (*Id.* at 6–7.)

The Court agrees with Defendant that he will suffer irreparable injury without a stay. "Irreparable injury is obvious: Once extradited, [Defendant's] appeal will be moot." *Manrique v. Kolc*, 65 F.4th 1037, 1041 (9th Cir. 2023). The Government concedes this point. (ECF No. 83 at 6 ("[E]ven though Martinez Santoyo will be irreparably injured once extradited because his appeal will be moot, this consideration cannot outweigh the other factors . . . .").)

However, the Government is correct that Defendant cannot demonstrate a likelihood of success on the merits. Defendant argues that he has raised "substantial or serious legal questions" on appeal regarding whether the State Department has adequately certified that his extradition complies with the Convention Against Torture and its implementing regulations. (ECF No. 84 at

10); *Leiva-Perez v. Holder*, 640 F.3d 962, 967–68 (9th Cir. 2011) ("There are many ways to articulate the minimum quantum of likely success necessary to justify a stay — be it a 'reasonable probability' or 'fair prospect,' . . . 'a substantial case on the merits,' . . . or . . . that 'serious legal questions are raised.'") (citing *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010); *Hilton*, 481 U.S. at 778; *Abbassi v. I.N.S.*, 143 F.3d 513, 514 (9th Cir. 1998), *abrogated on other grounds*, *Singh v. Holder*, 658 F.3d 879 (9th Cir. 2011)).

As Defendant acknowledges, the facts of this case are "nearly identical" to *Sridej v. Blinken*, 108 F.4th 1088 (9th Cir. 2024). (ECF No. 84 at 4.) There, the Ninth Circuit affirmed the denial of a habeas petition filed by an extraditee challenging the sufficiency of the Secretary of State's certification of compliance with the Convention Against Torture. *Sridej*, 108 F.4th at 1092–93. The Government relied upon a declaration from Tom Heinemann, the same declarant who signed the certification of compliance for Defendant:

> The declaration states that "Acting Deputy Secretary of State Nuland authorized Sumontinee Sridej's extradition" following "a review of all pertinent information." After explaining the procedures required by the CAT's implementing regulations, Heinemann asserts: "As the official responsible for managing the Department's responsibilities in this case, I confirm that the decision to surrender Sumontinee Sridej to Thailand complies with the United States' obligations under the Convention and its implementing statute and regulations."

*Id.* at 1092. The same language appears in Mr. Heinemann's declaration certifying compliance with respect to Defendant. (No. 2:25-cv-02656-TLN-CKD, ECF No. 19-1 ("Heinemann Declaration")).

In *Sridej*, the Ninth Circuit rejected the argument that the declaration was insufficient because it had not been signed by the Secretary of State or other senior official in the Department of State, holding all that "was required was competent evidence that the Secretary or a properly designated official made the determination required by CAT's implementing regulations." 108 F.4th at 1093. The *Sridej* Court also explained that the doctrine of separation of powers and the rule of non-inquiry prevent the federal courts from reviewing the substance of such declarations beyond confirming that the declarant has certified "the Secretary complied 'with [their] obligations under domestic law.'" *Id.* Based on this binding precedent, the Court finds that

Defendant's arguments regarding the sufficiency of the Heinemann Declaration do not raise substantial or serious legal questions.

On the public interest and injury to other parties prongs, the Ninth Circuit has said that "the public interest will be served by the United States complying with a valid extradition application . . . . Such proper compliance promotes relations between the two countries, and enhances efforts to establish an international rule of law and order." *Artukovic v. Rison*, 784 F.2d 1354, 1356 (9th Cir. 1986). Defendant argues that the balance of hardships tips in his favor given the Government's delays in pursuing his extradition and the potential "immense and final" harm he may be subject to. (ECF No. 78 at 9.) Even taking this into account, however, in the absence of a likelihood of success on the merits, a stay is not warranted. *See Trump v. California*, No. 26A124, 2026 WL 2473573, at *2 (U.S. Aug. 24, 2026) ("To secure a stay pending appeal, the Government must show that it is likely to succeed on the merits and that it is likely to suffer irreparable harm without a stay."); *Nken*, 556 U.S. at 434 ("The first two factors of the traditional standard are the most critical."); *Manrique*, 65 F.4th at 1041 ("Even with a high degree of irreparable injury, the movant must show 'serious legal questions' going to the merits.") (quoting *Lopez v. Heckler*, 713 F.2d 1432, 1435–36 (9th Cir. 1983)).

**III. CONCLUSION**

For the foregoing reasons, Defendant's request for reconsideration of the magistrate judge's denial of a stay pending appeal is DENIED. (ECF No. 84.)

IT IS SO ORDERED.

Dated: October 16, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE